JOURNAL ENTRY AND OPINION
{¶ 1} Appellant Micah Justus appeals his conviction and sentence. Justus assigns the following error for our review:
 "I. The trial court erred in denying appellant's motion to dismiss designated convictions contained in specification."
 {¶ 2} Having reviewed the record and pertinent law, we reverse Justus's conviction and sentence. The apposite facts follows.
 {¶ 3} The police observed Justus operating a motor vehicle in the wrong direction on a posted one-way area of Gorden State Park boat ramps. The police stopped Justus and during the course of the stop conducted a field sobriety test. Justus failed the field sobriety test and later refused to submit to a Breathalyzer. The police arrested Justus for operating a vehicle while under the influence of alcohol and/or drug of abuse, a misdemeanor.
 {¶ 4} Because Justus had three prior DUI[1] offenses, the Cuyahoga County Grand Jury indicted Justus on one count of operating a vehicle while under the influence of alcohol and/or drug of abuse, a felony of the fourth degree. The indictment included three furthermore specifications alleging that Justus had been convicted of prior DUI offenses or equivalent municipal court offenses in July 2001, May 2002, and June 2003 respectively. *Page 4 
 {¶ 5} Justus pleaded not guilty at his arraignment and subsequently filed a motion to dismiss one of the alleged prior convictions contained in the indictment, which the trial court denied. Justus pleaded no contest to the indictment, the trial court found him guilty and sentenced him to a prison term of ten months and ordered mandatory drug treatment. In addition, the trial court suspended Justus's driver's license until 2014 and fined him $5,000.
 Motion to Dismiss Designated Conviction {¶ 6} In his sole assigned error, Justus argues the trial court erred by failing to dismiss the designated conviction contained in the indictment. We agree.
 {¶ 7} R.C. 4511.99 establishes penalties for OVI cases based on the offender's prior convictions.[2] Pursuant to R.C. 4511.99(A)(4)(a), if, within six years of the underlying offense, an offender has been convicted of or pleaded guilty to three or more DUI violations, the offense is a felony of the fourth degree.[3]
 {¶ 8} In the instant case, Justus argues that he cannot be convicted of a felony OVI because his prior conviction for violating Bedford Municipal Ordinance 333.01 is not an "equivalent offense" as defined by R.C. 4511.181. However, relying on the City of Cleveland v.Schultz[4] ("Schultz I") the trial court concluded, and the State now maintains that said violation is a substantially equivalent offense under *Page 5 
subsection (A)(6) of R.C. 4511.181 and may be used to enhance the OVI to a fourth degree felony.
 {¶ 9} R.C. 4511.181 provides the following:
 "(A) `Equivalent offense' means any of the following: (1) A violation of division (A) or
 (B) of section 4511.19 of the Revised Code; (2) A violation of a municipal OVI ordinance;"
 "* *
 {¶ 10} "(6) A violation of an existing or former municipal ordinance, law of another state, or law of the United States that is substantially equivalent to division (A) or (B) of section 4511.19 of the Revised Code;"
 "* * *
 "(C) `Municipal OVI ordinance' and `municipal OVI offense' mean any municipal ordinance prohibiting a person from operating a vehicle while under the influence of alcohol, a drug of abuse, * * *."
 {¶ 11} Recently, in State v. Schultz[5] ("Schultz II"), we held that a physical control violation may not be used to enhance a current OVI offense. In Shultz II, we stated:
 "Under the old law (pre-2004), it would appear that a physical control violation could be used to enhance an OVI offense because a person could be convicted of OVI without ever actually moving the vehicle. See City of Cleveland v. Schultz (Sept. 9, 1999), Cuyahoga App. No. 74839. In essence, an OVI and a physical control violation were the same offense because the element of `operate' was so broadly defined that the prohibited conduct was indistinguishable. Nevertheless, the *Page 6 
potential penalties for OVI and a physical control violation were significantly different.
 Today, the difference between an OVI and a physical control violation, besides the penalties, is that an OVI requires actual movement of the vehicle, whereas a physical control violation does not. After January 1, 2004, if there is no evidence that the person moved or caused the vehicle to move, that person cannot be convicted of OVI, but may be convicted of being in physical control of a vehicle while under the influence. Still, a person who is found passed out in his vehicle on the side of the highway may be convicted of an OVI because a jury could infer that the vehicle was moved to that location. However, if a person decides to `sleep it off in the parking lot of the bar where the person drank, the person could be convicted only of a physical control violation, unless there is evidence of movement."[6]
 {¶ 12} In the instant case, the record indicates that on May 21, 2002, Justus pleaded no contest and was found guilty of a physical control violation. Under the present law, as discussed above, this is not a substantially equivalent violation. Since an OVI requires actual operation or movement of the vehicle and physical control does not, the disputed conviction cannot be used as one of the predicate offense to enhance the current OVI to a fourth degree felony.
 {¶ 13} Although the State and the trial court relied on a pre-2004 definition of "equivalent offense" from Schultz I, this court most recently in Schultz II defined physical control as not an equivalent offense to OVI under the 2004 OVI law. Schultz II makes clear that physical control is less than operation and may not be used to enhance a current OVI charge. *Page 7 
 {¶ 14} Here, Justus pleaded no contest to the indictment, which was a fourth degree felony OVI. Justus's current case is similar toSchultz II, as it relates to physical control as an enhancing conviction. Consequently, because the prior conviction was not a substantially equivalent offense, Justus's conviction cannot stand. As such, the trial court should have granted Justus's motion to dismiss the specified conviction contained in the indictment. Accordingly, we sustain Justus's sole assigned error.
Judgment reversed.
It is, therefore, considered that said appellant recover of said appellee his costs herein.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
ANTHONY O. CALABRESE, JR., P.J., and MARY EILEEN KILBANE, J., CONCUR
[1] In January 2004, 2001 Sub. S.B. 123, renamed the offense of "operating a motor vehicle under the influence" of alcohol or drugs (OMVI) to "operating a vehicle under the influence" (OVI). Originally, Ohio's drunk driving law was named "driving under the influence" (DUI). In Justus's indictment, he was charged with OVI, although throughout the record below the trial court and the State refer to his conviction in this case as a DUI.
[2] State v. Rockburn, Cuyahoga App. No. 80903, 2002-Ohio-4923.
[3] Id.
[4] (Sept. 9, 1999), Cuyahoga App. No. 74839.
[5] Cuyahoga App. No. 90412, 2008-Ohio-4448.
[6] Id. *Page 1